IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK J. CSERVAK and JUDITH BARIE CSERVAK,<br><br>Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA TURNPIKE COMMISSION and WILLIAM K. LIEBERMAN,<br><br>Defendants. | Civil Action No. 13 - 612<br><br>Chief Magistrate Judge Lisa Pupo Lenihan |

**MEMORANDUM ORDER ON DEFENDANTS' MOTION TO DIMISS**

Pending before the Court is Defendants' June 10, 2014 Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) (ECF No. 42) in the case filed at the above caption. The case was initially closed following the oral argument held on September 24, 2013 on Defendants' previous Motion to Dismiss filed at ECF No. 10, but was reopened on December 4, 2013 following an October 17, 2013 Board of Viewers' Report awarding the Plaintiffs an amount greatly in excess of the amount offered in 2009 (*i.e.*, finding a significant valuation disparity) (ECF No. 26). The Court denied the Defendants' prior July 1, 2013 Motion to Dismiss, *supra* (ECF No. 10) with the exception of striking the request for an injunction of the State court proceedings. The Court's reasons for denial were fully explicated at oral argument, as referenced in the Text Order entered on September 24, 2013.

Upon review of Defendants' present Motion to Dismiss the claim as unripe (see Memorandum of Law in Support at 4: "The issue presently before the Court is one of ripeness."),

the Court finds Defendants proffer no new or merited basis for dismissal. Although Defendants' Memorandum of Law in Support (ECF No. 44) replaces the inapposite cases directly cited in its prior pleading with direct citation to Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985), Williamson underpinned Defendants' principal case on this issue in its prior Motion, *i.e.*, Baranowski v. Borough of Palmyra, 868 F.Supp. 86, 88 (M.D. Pa. 1994)( See Defendants' Memorandum of Law In Support of Motion to Dismiss (ECF No. 11) at 8-10) and the Court's analysis of the argument first made by Defendants in July, 2013 and canvassed at Oral Argument that September remains unaltered. That is, that in addition to the eminent domain proceedings and property valuation, Plaintiffs in the case *sub judice* have sufficiently stated claims for specific additional Federal causes of action and additional damages. Compare Defendants' June, 2014 Memorandum of Law at 6 (asserting that claims "state nothing more than . . . that [Plaintiffs] were not provided just compensation for their property"). The Court also refers Defendants to the determinations in the State Court proceedings and the Amended Complaint in this action (including additional allegations regarding Defendants' conduct) which have been filed of record in the interim.

Defendants' largely reiterated assertions for dismissal having been addressed in the context of the Court's prior ruling, therefore,

**IT IS ORDERED** this 10th day of July, 2014, that the Motion to Dismiss is **DENIED**.

Lisa Pupo Lenihan
Chief U. S. Magistrate Judge

cc: All Counsel of Record.